UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DANNY DONOHUE, *as President of the Civil Service Employees Association, Inc., Local 1000*; AFSCME, AFL-CIO; and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO,

                Plaintiffs,

    -against-                1:10-CV-00543 (LEK/DRH)

DAVID A. PATERSON, *as Governor of the State of New York*; NEW YORK STATE ASSEMBLY; NEW YORK STATE SENATE; JONATHAN LIPPMAN, *as Chief Judge of the New York Unified Court System*; and the STATE OF NEW YORK,

                Defendants.

---

KENNETH BRYNIEN, *as President of the New York State Public Employees Federation, AFL-CIO*,

                Plaintiff,

    -against-                1:10-CV-00544 (LEK/DRH)

DAVID A. PATERSON, *as Governor of the State of New York*; the STATE OF NEW YORK; NEW YORK STATE GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS; GARY JOHNSON, *as Executive Director of th the New York State Governor's Office of Employee Relations*; NEW YORK STATE DEPARTMENT OF AUDIT AND CONTROL; and THOMAS P. DiNAPOLI, *as Comptroller of the State of New York*,

                Defendants.

---

PHILLIP H. SMITH, *as President of United University Professions*; UNITED UNIVERSITY PROFESSIONS; MARGARET M. STOLEE; WILLIAM M. SIMONS; BRUCE T. KUBE; ROBERT E. REES; GRETA J.

PETRY; LAURA S. RHOADES; and ELEANOR RICHARDS,

                        Plaintiffs,

     -against-                                  1:10-CV-00546 (LEK/DRH)

HONORABLE DAVID A. PATERSON, *as Governor of the State of New York*; GARY JOHNSON, *as Executive Director of the Governor's Office of Employee Relations*; NEW YORK STATE DEPARTMENT OF AUDIT AND CONTROL; THOMAS P. DiNAPOLI, *as Comptroller of the State of New York*; NANCY L. ZIMPHER, *as Chancellor of the State University of New York*; THE STATE UNIVERSITY OF NEW YORK; and THE STATE OF NEW YORK,

                        Defendants.

BARBARA BOWEN, *as President of the Professional Staff Congress/CUNY*; PROFESSIONAL STAFF CONGRESS/CUNY; FRANK KIRKLAND; ROBERT J. CERMELE; ROBERT S. NELSON,

                        Plaintiffs,

     -against-                                  1:10-CV-00549 (LEK/DRH)

STATE OF NEW YORK, DAVID A. PATERSON, *as Governor of the State of New York*; NEW YORK STATE DEPARTMENT OF AUDIT AND CONTROL; THOMAS P. DiNAPOLI, *as Comptroller of the State of New York*; CITY UNIVERSITY OF NEW YORK; MATTHEW GOLDSTEIN, *as Chancellor of the City University of New York*,

                        Defendants.

**ORDER**

**I.     BACKGROUND**

Presently before the Court are four Motions for temporary restraining orders ("TROs"), which seek to enjoin implementation of certain terms of a New York State "extender bill" and to enjoin further submittal of such bills containing those terms. Case Nos. 1:10-CV-00543 (Dkt. No. 9); 1:10-CV-00544 (Dkt. No. 4); 1:10-CV-00546 (Dkt. No. 4); and 1:10-CV-0054 (Dkt No 4). The Motions are brought in separate but related actions concerning a single, substantially similar factual basis. The Court shall address all four Motions together in the instant Order.

The underlying actions were each filed on May 11, 2009, with the Motions for TROs filed contemporaneously. In <u>Donohue et al v. Paterson et al</u>, 1:10-CV-00543, Plaintiffs Danny Donohue, as President of the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, and the Civil Service Employees Association, Inc, Local 1000, AFSCME, AFL-CIO have named as Defendants: David A. Paterson, as Governor of the State of New York; State of New York; the New York State Assembly; the New York State Senate; and Jonathan Lippman as Chief Judge of the New York Unified Court System. In <u>Brynien v. Paterson et al</u>, 1:10-CV-00544, Plaintiff Kenneth Bryien, as President of the New York State Public Employees Federation, AFL-CIO, has named as Defendants: David A. Paterson, as Governor of the State of New York; the State of New York; New York State Governor's Office of Employee Relations; Gary Johnson, as Executive Director of the New York State Governor's Office of Employee Relations; New York State Department of Audit and Control; and Thomas P. DiNapoli, as Comptroller of the State of New York. In <u>Smith et al v. Paterson et al</u>, 1:10-CV-00546, Plaintiffs Phillip H. Smith, as President of United University Professions, United University Professions, Margaret M. Stolee, William M. Simons, Bruce T.

Kube, Robert E. Rees, Greta J. Petry, Laura S. Rhoades, and Eleanor Richards have named as Defendants: David A. Paterson, as Governor of the State of New York; the State of New York; Gary Johnson, as Executive Director of the New York State Governor's Office of Employee Relations; New York State Department of Audit and Control; and Thomas P. DiNapoli, as Comptroller of the State of New York; Nancy L. Zimpher, as Chancellor of the State University of New York; and The State University of New York.  In <u>Bowen et al v. Paterson et al</u>, 1:10-CV-00549, Plaintiffs Barbara Bowen, as President of the Professional Staff Congress/Cuny, the Professional Staff Congress/CUNY, Frank Kirkland, Robert J. Cermele, and Robert S. Nelson have named as Defendants: David A. Paterson, as Governor of the State of New York; the State of New York; Thomas P. DiNapoli, as Comptroller of the State of New York; New York State Department of Audit and Control; City University of New York; and Matthew Goldstein, as Chancellor of the City University of New York. While the named Defendants differ in part as to each case, due to the different groups of public employees represented as Plaintiffs in the matters, the object of the TRO Motions and the arguments made in support of the Motions are broadly the same.  For purposes of this Order and specification of the relief granted, the Plaintiffs in all four of the matters shall, collectively, be referred to as "Plaintiffs."

      The State of New York is party to collective bargaining agreements with a variety of public employee organizations pursuant to Article 14 of the New York Civil Service Law, otherwise known as the Taylor Law.  "[T]o promote harmonious and cooperative relationships between government and its employees and to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government," Article 14 sets forth the rights of employee organizations, and the procedures governing their relations with the State as an employer.  <u>See</u> N.Y.

CIV. SER. LAW § 200. Accordingly, the State has agreed to contracts, currently in effect, which establish the terms and conditions of employment for members of those organizations. Nevertheless, Governor David A. Paterson has submitted, and the Legislature has passed, legislation which enacts unpaid furloughs, a wage freeze, and a benefits freeze on certain groups of state employees in contravention of a number of such contracts. The legislation, a so-called "extender bill" which temporarily funds continued operation of the State in the absence of an official budget, expressly imposes the altered terms "[n]ot withstanding any other provisions of this section or of any other law, including article fourteen of this chapter, or collective bargaining agreement or other analogous contract or binding arbitration award . . . ." See Case No. 1:10-CV-00544 (Dkt. No. 4-7, Ex.G) at 63. Without the TROs requested by Plaintiffs, the legislation shall cause the altered terms to commence on May 17, 2010. For this reason, in addition to their Complaints and Motions for preliminary injunctions, Plaintiffs, by way of the Contract Clause, U.S. CONST. art. I, § 10, Cl. 1, seek to prohibit implementation of the altered terms contained in the current "extender bill" and to prevent further weekly "extender bills" from imposing the altered terms prior to resolution of the pending preliminary injunction Motions. For a more extensive understanding of the factual background to the instant cases, see generally, Case Nos. 1:10-CV-00544, 1:10-CV-00543, 1:10-CV-00546 and 1:10-CV-00549.

## II.   STANDARD OF REVIEW

When deciding a motion for a temporary restraining order, the Court follows the same legal standard as that for a motion for a preliminary injunction. Freeman v. McKnight, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing Local 1814, Intern.

Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992)). "A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Res. Def. Council, Inc., __ U.S. __, __, 129 S. Ct. 365, 376 (2008), and "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510-11 (2d Cir. 2005).

Generally, the Court will grant a motion for a preliminary injunction only if the party seeking the injunction can show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." NXIVM Corp. v. Ross Institute, 364 F.3d 471, 476 (2d. Cir. 2004); Monserrate v. New York State Senate, 599 F.3d 148, 154 (2d Cir. March 16, 2010).

Where, as here, a party alleges that government actions constitute violations of the Contracts Clause of the United States Constitution, U.S. CONST. art. I, § 10, this Court "pose[s] three questions to be answered in succession: (1) is the contractual impairment substantial and, if so, (2) does the law serve a legitimate public purpose such as remedying a general social or economic problem and, if such purpose is demonstrated, (3) are the means chosen to accomplish this purpose reasonable and necessary." Buffalo Teachers Federation v. Tobe, 464 F.3d 362, 368 (2d. Cir. 2006) (citing Energy Reserves Group v. Kansas Power and Light Co., 459 U.S. 400, 411-13 (1983); Sanitation & Recycling Indus. v. City of New York, 107 F.3d 985, 993 (2d Cir. 1997)). The Court shall "also consider the level of deference to give to a legislature's determination that a law was reasonable and necessary." Id.

### III. DISCUSSION

#### A. **Irreparable harm in the absence of the injunction**

Plaintiffs meet their burden of showing that the permanent 20% loss in salary or wages that directly follows from the furlough plan constitutes irreparable harm. See, e.g. Case No. 1:10-CV-00543 (Dkt. No. 9-11) at 9-11;  Case No. 1:10-CV-00544 (Dkt. No. 4-8) at 10-14; Case No. 1:10-CV-00549 (Dkt. No. 4-15) at 14-16.  Similarly, Plaintiffs meet their burden in showing irreparable harm flowing from Defendants' failure to pay the contracted-for increases in salaries and wages, which were negotiated years prior to the challenged extender bill, and upon which the affected employees reasonably have relied. See, e.g. Case No. 1:10-CV-00543 (Dkt. No. 9-11) at 10. Plaintiffs have not made a sufficient showing, at this time, that Defendants' non-appropriation of Employment Benefit Fund contributions will cause them irreparable harm in the absence of an injunction.  Plaintiffs' requested temporary injunctive relief as to those Employment Benefit Fund contributions is, therefore, denied.

#### B. **Likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships**

*i. Substantial Contractual Impairment*

The furlough provisions of the extender bill submitted by Defendant Patterson and adopted by the New York State Legislature effect a 20% permanent pay cut for affected workers and specifically exclude for certain workers the raises previously negotiated through collective bargaining.  Plaintiffs meet their burden in showing that such deprivations constitute substantial contractual impairments. See, e.g., Case No. 1:10-CV-00543 (Dkt. No. 9-11) at 11-15; Case No. 1:10-CV-00544 (Dkt. No. 4-8) at 15-18; Case No.1:10-CV-00546 (Dkt. No. 4-15) at 7-8; Case No.

1:10-CV-00549 (Dkt. No. 4-15) at 6-8.

  *ii.* *Legitimate Public Purpose*

  Broadly speaking, a state government's interest in addressing a fiscal emergency constitutes a legitimate public interest. See Buffalo Teachers Federation v. Tobe, 464 F.3d at 369. Plaintiffs' submissions, however, raise doubts as to whether a legitimate public purpose is present in these cases. See, e.g., Case No. 1:10-CV-00543 (Dkt. No. 9-11) at 16-20; Case No. 1:10-CV-00544 (Dkt. No. 4-8) at 5-6, Case No. 1:10-CV-00546 (Dkt. No. 4-15) at 4, 9-15; Case No. 1:10-CV-00544, Legislative Resolution (Dkt. No. 4-7 Ex. L); Case No. 1:10-CV-00549 (Dkt. No. 4-15) at 8-10. At this juncture, the Court's resolution of the instant Motions does not include a finding that Plaintiffs are likely to succeed in showing that the extender bill serves no legitimate public purpose. Rather, the Court shall assume, without deciding, that a legitimate purpose is present and shall analyze whether the means utilized by the government are reasonable and necessary. See Buffalo Teachers Federation v. Tobe, 464 F.3d at 369.

  *iii.* *Reasonable and Necessary Means*

  As to the reasonableness and necessity of the extender bill in achieving a legitimate public interest, Plaintiffs' submissions suggest a likelihood of success on the merits and raise sufficiently serious questions going to the merits to persuade this Court to grant their requested relief. See, e.g., Case No. 1:10-CV-00543 (Dkt. No. 9-11) at 16-20; Case No. 1:10-CV-00544 (Dkt. No. 4-8) at 18-22; Case No. 1:10-CV-00544, Legislative Resolution (Dkt. No. 4-7 Ex. L); Case No. 1:10-CV-00546 (Dkt. No. 4-15) at 10-15; Case No. 1:10-CV-00549 (Dkt. No. 4-15) at 10-14.

  *iv.* *Deference to Legislative Intent*

  The Court, in considering a Contracts Clause challenge, must determine whether a contract

has been substantially impaired, and if so, whether it was done in a reasonable and necessary manner to achieve a legitimate public purpose. Before reaching any conclusions, the Court should also consider the level of deference to be given to the Legislature's determination that the challenged law is reasonable and necessary. <u>Buffalo Teachers Federation v. Tobe</u>, 464 F.3d at 368. Given the facts of these cases, any deference paid to the Legislature's assessment of the extender bill would lead this Court to conclude that the bill is "contrary to the laws and public policy of [New York]; and . . . . it is not reasonable or fiscally necessary to impose furloughs on unionized state employees . . . as [t]here are other alternatives available." Case No. 1:10-CV-00544, Legislative Resolution (Dkt. No. 4-7 Ex. L). This clear statement by the New York State Legislature strongly supports the Court's decision to grant the temporary relief requested by Plaintiffs.

### IV.   CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, Plaintiffs' Emergency Motions for Temporary Restraining Orders (Case Nos.: 1:10-CV-00543 (Dkt. No. 9); 1:10-CV-00544 (Dkt. No. 4); 1:10-CV-00546 (Dkt. No. 4); 1:10-CV-00549 (Dkt. No. 4)) are **GRANTED consistent with this order**; and it is further

**ORDERED**, that Defendants **show cause** before this Court, located at James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207, on **May 26, 2010, at 2:00 p.m.**, or as soon thereafter as counsel can be heard, why an order should not be made and entered preliminarily enjoining each and every Defendant, pursuant to Federal Rule of Procedure 65, from implementing any furloughs of members represented by Plaintiffs, and preliminarily enjoining Defendant David A. Paterson, as Governor of the State of New York, from submitting to Defendants New York State

Assembly and New York State Senate any further "extender" appropriation bills that exclude appropriations in the amount and at the rates provided for in the collective bargaining agreements between the parties; and it is further

**ORDERED**, that sufficient cause appearing, **personal service** of a copy of this Order to Show Cause, together with a copy of the papers upon which it is granted, on the Attorney General of the State of New York, and all named Defendants, on or before **May 13, 2010, at 12:00 p.m.**, be deemed good and sufficient service; and it is further

**ORDERED**, that **for the time being and until a decision as to Plaintiffs' application for a preliminary injunction, Defendants are temporarily and immediately enjoined from implementing any furloughs affecting Plaintiffs' members, and Defendant David A. Paterson, as Governor of the State of New York, is temporarily and immediately enjoined from submitting to Defendants New York State Assembly and New York State Senate any further "extender" appropriation bills that include provisions requiring furloughs or exclude the payment of Plaintiffs' contracted-for salary raises**; and it is further

**ORDERED**, that, any **answering papers** shall be electronically filed and served upon Plaintiffs' attorneys on or before **9:00 a.m., May 19, 2010**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   May 12, 2010
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge